## SETH W. BAKER *vs.* CHRISTOPHER HAWKINS.[1]

A., as maker and indorser, was liable to B. upon two notes. A., being unable to continue his business, arranged to carry it on by means of an incorporated company, and agreed with B. to pay one of the notes, to obtain for B. the privilege of subscribing for stock in the incorporated company, and to receive from B. a release of B.'s claim on the other note. Subsequently just before the statute of limitations ran against A.'s liability on the notes, A. gave to B. a new note for the amount of the two former ones, but without prejudice to the agreement above given. B. put the new note in suit, and A. filed a bill in equity to enjoin the suit and to obtain specific performance of the agreement.

*Held,* on demurrer that the bill should be sustained.

Although a defendant at law with a claim not available in set off cannot usually be relieved in equity against a solvent plaintiff, yet he can be relieved if the claim arises out of the matter in controversy, or is an agreement so connected therewith as if observed to destroy the demand in suit.

BILL IN EQUITY for specific performance and an injunction. On demurrer to the bill.

*February* 2, 1884. DURFEE, C. J. The bill states the following case, namely: In November and December, 1872, and previously, the complainant, who was without capital or credit, was carrying on business in Providence by means of credit obtained by the indorsement of his negotiable paper by one Lewis P. Child, who was in good financial standing. The complainant was also in the habit of indorsing for Child, not because his indorsement was worth anything, but because banks and brokers made it a rule not to negotiate paper without indorsement. In November, 1872, the defendant bought through a broker a note dated November 27, 1872, signed by Child and indorsed by the complainant for $6,000, payable six months after date, and in December a note dated December 21, 1872, signed by the complainant and indorsed by Child for $3,500, payable six months after date. Before either of these notes fell due, Child failed, and afterwards the notes went to pro-

---

[1] See *Hawkins v. Baker, ante,* p. 139.

test and were left overdue in the hands of the defendant. After the failure of Child, the complainant being no longer able to carry on his business, which was that of manufacturing under a patent, in his own name, formed the plan of carrying it on by means of an incorporated company, and accordingly obtained a charter under which the company was organized by the name of the Seth W. Baker Manufacturing Company, and proceeded to business. The defendant, knowing that the notes which he held were, after the failure of Child, of little value, entered into an agreement with the complainant which is set forth as follows in the bill, to wit: " In consideration that your orator would pay to the respondent when requested the sum of thirty five hundred dollars, being the amount of said note hereinbefore referred to, made by the said Child and indorsed by your said orator, and in further consideration that your orator would permit and procure him, the said respondent, to become a subscriber to the capital stock of the said Seth W. Baker Manufacturing Company in a like sum of thirty five hundred dollars, he, the said respondent, would release and discharge your orator of and from all liability to him as indorser of said note, hereinbefore referred to, signed by the said Lewis P. Child and indorsed by your orator as aforesaid; and that your orator thereupon and in consideration of the said agreement on the part of the respondent did agree to pay the said respondent the said sum of thirty five hundred dollars when requested, and did permit and procure the said respondent to become a subscriber to the capital stock of the said Seth W. Baker Manufacturing Company in a like sum of thirty five hundred dollars, and your orator avers that the respondent did become a subscriber to said stock in said amount, and your orator further avers that the said respondent did not and hath not paid for the same in accordance with the terms of his said subscription."

The bill alleges that the complainant has always been ready and willing to pay the $3,500 when requested on receipt of the release or discharge, but that the defendant has never requested payment nor offered to release or discharge him. The bill also alleges that May 29, 1879, when the statute of limitations was about to run against the liability of the complainant, he gave a note payable on demand for an amount equal to his liability on both notes, but

with an express understanding that it should not prejudice his agreement aforesaid. The bill alleges that the defendant has commenced an action at law on this note, and that he refuses, though requested by the complainant, to perform the agreement. The bill prays that the defendant may be enjoined from prosecuting his action, and may be decreed to specifically perform his agreement. The defendant demurs to the bill.

The defendant alleges in support of the demurrer only two grounds. The first is that the liability of the complainant to pay the note sued on in the action at law cannot be varied by proof of any oral contract contemporaneously made between him and the defendant. It is enough to say in regard to this, that if it be necessary that the contract should be in writing, it does not appear on the face of the bill that it is not in writing. The rule invoked by the defendant is a rule of evidence and not of pleading. The second is that the complainant has an adequate remedy at law. This presents a more difficult point. Suppose judgment is recovered on the note and paid, the complainant can instantly sue the defendant at law on the agreement, and if the defendant be liable on it, can recover back all that he has paid in excess of what he would have had to pay if the agreement had been kept. Can it be said then that the remedy at law is not adequate? The complainant directs our attention particularly to the stipulation to permit and procure the defendant to become a subscriber for stock in the Seth W. Baker Manufacturing Company. But we doubt if that stipulation can affect the case as it is now before us. It has been performed, and, whether the rest of the contract be enforced at law or in equity, the performance will remain unaltered. The case, however, is peculiar, the suit being in the nature of a suit for set off, or for the enforcement of a compromise. If the contract be specifically enforced, the defendant's claim will be reduced by the amount of the $6,000 note with interest. The defendant agreed to this reduction when he entered into the contract, and it is simple equity that he should be held to it, if possible, without putting the complainant to the circuity of first paying the entire claim and then recovering a part of it back as damages. It is true the bill does not show that the payment and recovery would be attended with any particular risk or trouble, but there would be,

from the nature of things, more or less trouble and risk which would be avoided by specific performance. The case is not like an ordinary case of set off, where there is no special equity, but rather like a case of set off under a contract which creates a special equity, on which the debtor has been persuaded to rely and which the creditor has no good reason for not observing. Why, under such circumstances, should not the creditor be required to do the very thing which he has agreed to do, and especially where, as in this case, his claim has been kept alive by his debtor's reliance on his doing it. In *Reed* v. *The Bank of Newburgh*, 1 Paige, 215, the court held that though a defendant in a suit at law, who has a separate demand which he cannot set off there, cannot ordinarily have relief in equity unless the plaintiff is insolvent, yet the case is otherwise if the demand arises out of the matter in controversy, or consists of an agreement so connected with the claim in suit that, if duly observed, the claim in suit would have ceased to exist. The case is very closely if not exactly in point. Contracts for the compromise of doubtful claims have often been specifically enforced. *Atwood* v. ——, 1 Russ. 353; Waterman on Specific Performance, § 43, and cases cited. It has been held that an agreement between a creditor and a third person for valuable consideration, whereby the creditor agreed to compromise his claim against the debtor, would be specifically enforced. *Phillips* v. *Berger*, 2 Barb. S. C. 608; also in 8 Barb. S. C. 527. And see *Adderley* v. *Dixon*, 1 Sim. & Stu. 607. The tendency in this country is to extend the jurisdiction to all cases in which either of the parties is fairly entitled to a more perfect relief than he can get at law. Waterman on Specific Performance, § 16, notes. On the whole we are of opinion that the bill can be sustained notwithstanding this ground of demurrer.                                     *Demurrer overruled.*

 *A. & A. D. Payne*, for complainant.
 *Samuel W. K. Allen*, for respondent.